*W. B. Clarke, John M. Harlan,* for appellant.

*Craddock & Trabue,* for appellee.

---

## JOHN BROTHERTON *v.* H. MEGILL.

**Pleading—Petition—Allegations of Prospective Indebtedness.**
    The allegations in a petition, alleging the sale of a horse by warranty, and that the purchaser would be compelled to return same by reason of the intervention of a claimant, that the vendor would become indebted to the vendee by failure of the warranty, will not justify a judgment by default, where without proof, the liability was not manifested.

**Warranty—Suit on—Judgment by Default.**
    Before a judgment can be rendered on a suit for breach of warranty, proof of the alleged warranty must be shown, and without same a judgment by default will be reversed.

APPEAL FROM DAVIESS CIRCUIT COURT.

April 26, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellee having a judgment and execution and return of *nulla bona* against E. Jarboe filed a petition alleging that Brotherton had sold him a horse by warranty of title for $140, that Reinhart had brought suit for the horse and would recover it and then Brotherton would be indebted to Jarboe the price of the horse, and prayed that he be garnisheed and enjoined from paying Jarboe the amount, and that it be adjudged to him. Without any proof as to the result of this suit, Megill took judgment by default against Brotherton for the amount of his execution against Jarboe, which did not amount to the price of the horse. Some months after this judgment by default, and after the term at which it

had been rendered was closed, and when Megill was attempting by execution to collect this debt of Brotherton, he filed a petition alleging that a few days after Megil filed his petition Rienhart returned the horse to Jarboe, and dismissed his suit, and that this was known to Megill when he took the judgment by default, and that he then knew said Brotherton owed Jarboe nothing on said horse, and charges fraud on Megill that he obtained said judgment fraudulently, and that as he, Brotherton, knew Megill knew all these things, he supposed said suit would be dismissed; therefore, paid no further attention to it. A demurrer was sustained to this petition, and the plaintiff refusing to amend, it was dismissed, and Brotherton prosecutes an appeal on each of said judgments, and they will be considered together.

Without allegation or proof as to the result and termination of the suit of Rienhart v. Jarboe, no liability of Brotherton to Jarboe was manifested; the allegations of Megill's petition did not authorize a judgment without this, therefore it was erroneously rendered, and must be reversed.

But as Rinehart's suit against Jarboe may have been dismissed on a compromise and Brotherton may really have been responsible to him on his warranty which is not negatived in Brotherton's petition for a new trial, and as he was guilty of negligence in not having it undestood with Megill nor putting in any answer to Megill's petition, no cause known to the Code to authorize a new trial after the term had closed is made out. The alleged facts do not necessarily make out a cause of actual fraud against Megill, and we think the demurrer was properly sustained to the petition for a new trial, and the judgment dismissing it right.

Wherefore, the judgment of Megill against Brotherton is reversed, and the judgment dismissing Brotherton's petition for a new trial is *affirmed,* with directions for further proceedings in the case of Megill against Jarboe and Brotherton as herein indicated.

*Weir, for appellant.*